IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CAROL VANESSA TROTTER, )
)
Plaintiff, )
)
v. ) CV 121-122
)
KILOLO KIJAKAZI, Acting Commissioner )
of Social Security Administration, )
)
Defendant. )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

## I. BACKGROUND

Plaintiff applied for DIB and SSI in October 2017, alleging a disability onset date of June 6, 2016. Tr. ("R."), pp. 16, 133-34. Plaintiff initially applied for benefits due to: severe stenosis, major back surgery, rods and screws in her back, continuous pain, drowsiness caused by pain medication, and high blood pressure. R. 442. Plaintiff completed two years of college, (R. 443),

and prior to her alleged disability date, at which time she was fifty years old, (R. 438), had accrued a work history as a warehouse sorter, an insurance sales agent, and an insurance office manager. R. 343. Plaintiff last met the insured status requirements of the Social Security Act for DIB on March 31, 2020. R. 18, 384.

After holding an in-person administrative hearing on December 3, 2019, the Administrative Law Judge ("ALJ") issued an unfavorable decision, dated December 20, 2019, finding Plaintiff could perform her past relevant work ("PRW") as an insurance sales agent and insurance agency manager. R. 80-130, 147-65. The Appeals Council ("AC") vacated the December 3rd decision and remanded the case to the ALJ for further consideration because the electronic record did not contain complete documentation regarding initial and requested reconsideration determinations. R. 168-69.

On remand, the ALJ held a second hearing on February 16, 2021, this time by telephone and with Plaintiff's consent because of the COVID-19 pandemic, and heard testimony from Plaintiff, who was represented by counsel, as well as from Vocational Expert ("VE") Robert Brabham. R. 39-75. In a second opinion, dated March 8, 2021, the ALJ again determined Plaintiff, then fifty-five years old, was not disabled. R. 12-32. Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since her alleged onset date of June 6, 2016, through her date last insured ("DLI") of March 31, 2020 (C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.).

2. Claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; degenerative joint disease of the bilateral knees and hips, bilateral hammertoes and hallux valgus, and obesity (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20

C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform a reduced range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a).[1] Specifically, the claimant requires a cane for walking and no walking on uneven terrain. The claimant can occasionally operate bilateral lower extremity foot controls. The claimant cannot climb ladders, ropes, or scaffolds; but can occasionally climb ramps and stairs. In addition, she can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can have occasional exposure to hazards such as unprotected heights and dangerous machinery. Further, she can have frequent exposure to vibrations. The claimant is capable of performing PRW as an insurance office manager. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. §§ 404.1565 and 416.965).

R. 18-24.

Because the ALJ determined Plaintiff could perform her PRW as generally performed, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from June 6, 2016, the alleged onset date, through the date of the administrative decision, March 8, 2021.[2] R. 24. When the AC denied Plaintiff's request for review of the ALJ's second decision, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting

---

[1]"Sedentary work" is defined as:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) and 416.967(a).

[2]Plaintiff had to prove she was disabled on or before March 31, 2020, to receive DIB, but for her SSI application, the relevant period is the month Plaintiff applied through the date of the ALJ's decision. See Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*).

reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ improperly determined Plaintiff's RFC without consideration of her migraine headaches, which resulted in the presentation of an incomplete RFC to the VE. Moreover, in refusing to remand the second administrative decision to the ALJ, the AC improperly ignored the Residual Functional Capacity Back Questionnaire completed by Dr. Van L. Malia, who had been treating Plaintiff for nearly two years at the time the January 28, 2021 questionnaire was completed. See Pl.'s Br., doc. no. 10; Pl.'s Reply, doc. no. 12. The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See Comm'r's Br., doc. no. 11.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable

person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

The case should be remanded for further consideration of all the evidence of record, including Dr. Malia's RFC questionnaire. The information from Dr. Malia was not before the ALJ, but was timely submitted to the AC, which acknowledged receipt of the evidence but stated only: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." R. 2. The Order of the AC does not indicate the questionnaire was made a part of the record, (R. 4 (listing only two exhibits to be made part of the record)), but the document does appear in the record before the Court. R. 34-38.

Evidence submitted to the AC is part of the administrative record and must be considered in conjunction with the entirety of the record to determine whether substantial evidence supports the ALJ's decision. Ingram v. Comm'r of Soc. Sec. Admin, 496 F.3d 1253, 1266-67 (11th Cir. 2007). Moreover, "[w]ith a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including when asking the AC to review the ALJ's decision. Id. at 1261. Although the AC may exercise its discretion not to review the ALJ's decision, the AC will consider evidence that is "new, material, and relates to the period on or before the date of the hearing decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). New evidence is material if it is relevant and probative such that "there is a reasonable possibility" of changing the administrative result. Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1321 (11th Cir. 2015) (*per curiam*). Evidence of medical treatment post-dating the ALJ's decision may be chronologically relevant. Id. at 1322.

When the AC denies review after refusing to consider new evidence, that decision is subject to judicial review. Id. at 1321. "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." Id. If the AC considers a claimant's new evidence, but declines to review the ALJ's decision, then the Court must determine whether the denial of benefits is erroneous in light of the new evidence. Ingram, 496 F.3d at 1263, 1266-67; see also Levie v. Comm'r of Soc. Sec., 514 F. App'x 829, 832 (11th Cir. 2013) (*per curiam*) (citing Ingram, 496 F.3d at 1262); Kalishek v. Comm'r of Soc. Sec., 470 F. App'x 868, 869 (11th Cir. 2012) (*per curiam*) (same).

As an initial matter, the record is not entirely clear what the AC did with Dr. Malia's questionnaire. It is clear the AC received the evidence, but it is not listed as an exhibit in the AC's Order. R. 4. There is no explanation why the AC refused to "exhibit" the questionnaire, but

otherwise determined it did "not show a reasonable probability that it would change the outcome of the decision." R. 2. The Commissioner does not give an explanation, and instead restates the general proposition the AC "is not required to explain its reasons for denying a request for review" based on new evidence. Comm'r's Br., p. 10 (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)). The Court presumes the AC accepted Dr. Malia's questionnaire for consideration, compared it to the record evidence before the ALJ, and decided it made no difference to the disability determination. See Ingram, 496 F.3d at 1261 ("The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" (citations omitted)).

Thus, the Court turns its attention to the additional evidence viewed in light of the findings relied upon by the ALJ to determine Plaintiff was not disabled. As succinctly summarized by Plaintiff:

> Dr. Malia specifically noted pain in [Plaintiff's] lower back with radiculopathy and knees as well as objective findings such as positive straight leg raising bilaterally with abnormal gait, paresthesia, and weakness. (Tr. 34-35) He further described side effects from her pain medications such as fatigue, dizziness, and drowsiness. (Tr. 34) He limited her walking to one half block and reduced ability to sit, stand, or walk as well as the need to alternate them at will and the need for unscheduled breaks and being able to elevate her legs. (Tr. 35-37).

Pl.'s Br., pp. 5-6.

These findings, from a physician who has treated Plaintiff for more than two years, serve to support Plaintiff's allegations regarding intensity, persistence, and limiting effects of her symptoms which the ALJ discounted. In particular, the ALJ twice observed Plaintiff's statements regarding the intensity, persistence and limiting effects of her reported medical symptoms were not consistent with the medical evidence and other record evidence. R. 21, 24. The medical

evidence reviewed by the ALJ included records from 2016 and 2017 discussing complaints of radiating lower back and neck pain, (R. 21 (citing Ex. 3F/2 (R. 604) & Ex. 14F/1 (R. 1184 )), and reported improvement through 2016 after surgery, (R. 21 (citing Ex. 5F/51, 53 (R. 731, 733); 8F/38 (R. 992); 10F/7 (R. 1060)). The ALJ's review of evidence from 2019 and 2020 focused on Plaintiff's complaints of continuing pain, weakness, swelling, and difficulty standing and walking, but with observations from the ALJ of apparent improvement based on records evidencing "normal gait; normal cervical exams; negative straight leg raises; no cyanosis, clubbing, or edema; normal strength; normal curvature, intact knee stability, and intact sensation." R. 22 (citations omitted). Notably, Dr. Malia's treatment notes from 2020, in the record before the ALJ, show decreased range of motion, tenderness to palpitation, and straight-leg raise positivity, along with prescriptions for oxycodone, tizanidine, and gabapentin, (R. 1580-81), information all of which comports with the information in the questionnaire submitted to the AC. R. 34-38.

The ALJ further observed Plaintiff acknowledged relief with physical therapy, injections, and medication. R. 21. Notably, however, the ALJ did not discuss side effects of Plaintiff's medication, including the migraine medicine Plaintiff testified "puts [her] right out," (R. 68). In the Eleventh Circuit, "under certain circumstances, an ALJ's duty to develop a full record can include investigating the side effects of medications." Walker v. Comm'r of Soc. Sec., 404 F. App'x 362, 366 (11th Cir. 2010) (citing Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981)); see also Lacy v. Barnhart, 309 F. Supp.2d 1345, 1352 (N.D. Ala. 2004) (reversing denial of benefits where, *inter alia*, ALJ "failed to consider the effects of the side effects of plaintiff's medication"). As the Eleventh Circuit has explained, "It is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability." Cowart, 662 F.2d at 737. Plaintiff's list of medications is well documented in the record. R. 501 (listing

medication, including tizanidine for back pain and spasms, gabapentin for nerve pain, topiramate for pain and migraines); R. 561, 565 (listing medication, including sumatriptan and topiramate for migraines and pain, oxycodone for pain, ibuprofen for swelling, tizanidine for back spasms and pain, gabapentin for nerve pain); R. 1372 (listing medication on treatment note from Dr. Malia, including hydrocodone, tizanidine, gabapentin); R. 1578-79 (listing multiple medications, including hydrocodone, gabapentin, and oxycodone). Plaintiff also described side effects of her medication at both administrative hearings. R. 51 (no driving because drowsy); R. 64 (eight medicines, including pain medicine and muscle relaxers that cause drowsiness and problems paying attention); R. 68 (migraine medicine "puts me right out," sometimes twice per week); R. 116-17 (medicine, including hydrocodone two to three times per day, causes Plaintiff confusion, not much clarity, sleepiness).

Dr. Malia's questionnaire directly bears on the formulation of the RFC, which was presented to the VE and upon which the ALJ relied to determine Plaintiff could return to her PRW. In arguing the AC properly determined there was no reasonable probability the questionnaire would change the outcome of the decision, the Commissioner parrots the AC's conclusory assertion, without any comparison to the record evidence. See Comm'r's Br., p. 11. Dr. Malia provided substantive information about Plaintiff's condition, which the Commissioner appears to concede would equate to a finding of disability, but never states the ultimate conclusion, which of course is reserved to the Commissioner. See 20 C.F.R. §§ 404.1520b(c)(3)(i) & 416.920b(c)(3)(i). The ALJ questioned Plaintiff's credibility for a lack of medical evidence supporting her allegations of limiting effects of her symptoms, but when Plaintiff provided such information by submitting Dr. Malia's questionnaire, the Commissioner faults Plaintiff for submitting a medical opinion, at least partially substantiated

by treatment notes in the record as discussed above, tending to support Plaintiff's disability claims. What is Plaintiff to do?

The Commissioner does not challenge the chronological relevance of Dr. Malia's questionnaire, which undoubtedly covers the relevant time period. The Commissioner's argument that there is no reasonable probability the information would change the outcome is unpersuasive, as the medical information contained therein goes to the crux of the ALJ's determination of an RFC. Indeed, in formulating the RFC, the ALJ concluded he could not "defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or opinion(s), including those from medical sources." R. 23. Moreover, the two opinions of non-examining state agency consultants discussed by the ALJ were deemed only "partially persuasive." R. 23-24. Yet the AC and the Commissioner argue, without any comparison reference to the record, that a medical opinion from a source with a two-year treating relationship whom Plaintiff reported seeing monthly, (R. 66), would have no reasonable probability of changing the outcome of the disability decision. R. 2.

Moreover, the ALJ presented a series of hypothetical questions to the VE based on the RFC, and some of the limitations rejected by the ALJ - but addressed in Dr. Malia's questionnaire - were identified by the VE as eliminating jobs for Plaintiff. For example, the ALJ asked whether there would be any jobs available for a worker, regardless of any other limitations, who would be off task for any reason for twenty percent of the workday, including elevating feet or taking unscheduled breaks. R. 73. The VE said there would not be any jobs. R. 73-74. Plaintiff testified she could only sit for twenty minutes at a time and needed to elevate her legs for twenty-minutes at a time, (R. 66, 125), both of which limitations are addressed by Dr. Malia's questionnaire, (R. 36-37). The questionnaire also discusses side

effects of Plaintiff's medication, (R. 34-35), which, as detailed above, were not addressed in the administrative opinion. As Plaintiff aptly points out, "the very same limitations named in [Dr. Malia's] RFC were the same factors the Vocational Expert testified would eliminate both [Plaintiff's] past work as well as any other work existing in the national economy. (Tr. 72-74)." Pl.'s Br., p. 13.

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability applications. Indeed, the Court cannot now engage in an administrative review that was not done in the first instance by the Commissioner. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (*per curiam*) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). However, for the reasons set forth above, the Court cannot affirm the administrative decision as supported by substantial evidence. As such, remand is warranted. Because the additional evidence must be considered and weighed against the totality of the record evidence, the Court need not address Plaintiff's remaining contentions. See Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1066 n.4 (11th Cir. 2021) (offering no opinion on all alleged errors where remand required on two of four issues but instructing reconsideration of applications on remand based entire record); Demenech v. Sec'y of Dep't of Health and Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (*per curiam*) (declining to address all issues where case due to be remanded on dispositive issue identified and discussed in detail).

Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 21st day of June, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA